IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JOHNNY HERNANDEZ,<br>　　Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | Cause No. EP-24-CV-271-KC |
| WARDEN,<br>　　Respondent. | §<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Petitioner Johnny Hernandez, federal prisoner number 52595-280, challenges the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. He complains that the Bureau of Prisons (BOP) has refused to grant him Earned Time Credits (ETCs) under the First Step Act (FSA) while in pre-release custody. Pet'r's Pet., ECF No. 1 at 2–5. His petition is denied, and his cause is dismissed, for the following reasons.

## BACKGROUND

"Hernandez was convicted by a jury of conspiracy to possess with intent to distribute five kilograms or more of cocaine; possession with intent to distribute five kilograms or more of cocaine; and conspiracy to import five kilograms or more of cocaine." *United States v. Hernandez*, 518 F. App'x 270, 270–71 (5th Cir. 2013). "He was sentenced in accordance with the sentencing enhancement provision of 21 U.S.C. § 851 to a total of 240 months of imprisonment and 10 years of supervised release." *Id.* at 271.

Hernandez is currently "under the supervision of the Bureau of Prisons and Dismas Charities … on Home Detention." *Id.* at 10. He is employed by Del Mar Contracting, Inc., in El Paso, Texas, as a water truck driver. *Id.* at 8. His projected release date from BOP custody is January 6, 2026, which has not changed since he filed his petition on July 31, 2024. *See* Bureau of

Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 52595-280, last visited Nov. 20, 2024); Order, ECF No. 2 at 1 ("His projected release date from supervision is January 6, 2026.").

In his § 2241 petition, Hernandez complains that the Bureau of Prisons (BOP) has refused to update his sentence computation to reflect his ETCs under the FSA while in pre-release custody in a residential reentry facility and in home confinement. Pet'r's Pet., ECF No. 1 at 2–5. If properly credited, Hernandez contends, he would be immediately transitioned from home confinement to supervised release. *Id*. at 6. He asks the Court to order "the Bureau of Prisons to apply all earned time credit to the sentence computation and grant [him] immediate release." *Id*.

## APPLICABLE LAW

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Accordingly, a prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

When a court receives a § 2241 petition, it accepts the allegations as true during its initial screening. 28 U.S.C. § 2243; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It also evaluates a petition presented by a *pro se* petitioner under a more lenient standard than it applies to a petition submitted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But it must still find "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."

2

*Twombly*, 550 U.S. at 556.

Upon completing the initial screening, a court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## ANALYSIS

In his § 2241 petition, Hernandez complains that the BOP has refused to update his sentence computation to reflect his ETCs under the FSA since his transfer to pre-release custody. Pet'r's Pet., ECF No. 1 at 2–5. He asks the Court to order "the Bureau of Prisons to apply all earned time credit to [his] sentence computation and grant [him] immediate release." *Id.* at 6.

The FSA creates incentives to encourage prisoners to participate in evidence-based recidivism reduction (EBRR) programs and productive activities (PAs). 18 U.S.C. § 3632(d). It gives qualifying prisoners the opportunity to earn ten additional days of ETCs for every 30 days of successful participation in EBRR programs and PAs.[1] *Id.* § 3632(d)(4)(A)(i). It allows qualifying offenders at a "minimum" or "low risk" of recidivating to earn an additional five days of ETCs if they did not increase their risk levels over two consecutive assessments. *Id.* § 3632(d)(4)(A)(ii). It

---

[1] There are two significant differences between ETCs and good time credits (GTCs). A prisoner may earn up to 54 days of GTCs for each year of the prisoner's sentence imposed by a court. 18 U.S.C. § 3624(b). A prisoner who earns GTCs is entitled to a reduction in his sentence. A prisoner who collects ETCs through the successful completion of specific programming may not be able to apply them at all. *Id.* at § 3624(g)(1)(D). Instead, a prisoner's application of ETCs is contingent on him (1) maintaining a minimal or low risk of recidivism as assessed by the BOP or (2) receiving an exception to that requirement from the warden of the facility where he is detained. *Id.* Even when a prisoner may use earned time credits, § 3632(d)(4)(C) directs that those credits may only be applied by the BOP "toward time in prerelease custody or supervised release." "Unlike GTCs accumulated under § 3624(b), ETCs are not a general entitlement. unlike good time credits accumulated under § 3624(b), earned time credits are not a general entitlement." *Banks v. Cox*, No. 1:23-CV-01025, 2024 WL 2262683, at *2 (W.D. La. May 6, 2024), *report and recommendation adopted*, No. 1:23-CV-01025, 2024 WL 2261952 (W.D. La. May 17, 2024). Instead, a prisoner is merely afforded the opportunity to earn ETCs by participating in recidivism-reduction programming which may (or may not) be applied toward prerelease community-based placement and early release to supervision. 18 U.S.C. § 3632(d)(4)(C).

permits qualifying inmates to apply ETCs toward prerelease community-based placement in residential reentry centers or home confinement. *Id.* § 3624(g)(2); 28 C.F.R. § 523.44(b)–(c). And, at the discretion of the BOP Director, it permits qualifying prisoners to use the ETCs toward their early transfer from prison to supervised release. *Id.* § 3624(g)(3); 28 C.F.R. § 523.44(d). But it allows the BOP to apply ETCs only when a prisoner has earned ETCs equal to the remainder of his sentence. *Id.* § 3624(g)(1)(A). Hence, it prevents the premature application of ETCs which may not be earned. 28 C.F.R. § 523.43.

Accordingly, a prisoner who successfully participates in EBRR programs or PAs accrues ETCs, which "shall be applied toward time in prerelease custody or supervised release." *Id.* § 3632(d)(4)(C). A prisoner with ETCs therefore has two significant dates: (1) his pre-release custody date and (2) his projected supervised release date. *Id.* § 3624(g)(1)-(3). Pre-release custody involves either placement at a residential reentry center or home confinement. *Id.* § 3624(g)(2)(A)–(B).

Regarding the prisoner's pre-release custody date, "[t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." *Id.* § 3624(c)(1) (emphasis added).

Regarding the prisoner's projected supervised release date, "[i]f the sentencing court included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment …, the Director of the Bureau of Prisons may transfer the

4

prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months." *Id.* § 3624(g)(3). 28 C.F.R. § 523.44(d).

Hernandez has already passed his pre-release custody date as he is currently in home confinement. The logic of Hernandez's argument is that he should continue to accrue ETCs while in home confinement. And he contends that, if all his ETCs are properly credited, he should be able to apply them toward his projected supervised release date—and immediately transition from home confinement to supervised release. Pet'r's Pet., ECF No. 1 at 6.

According to the governing statute, ETCs "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C). The statute is silent as to the use of ETCs while a prisoner is in pre-release custody. Additionally, an inmate already in pre-release custody accrues no real benefit from earning more ETCs toward his pre-release custody. *Id.* § 3624(g)(2); 28 C.F.R. § 523.44(b)–(c).

Furthermore, all a prisoner's time credit calculations remain within the discretion of the BOP. *Sample v. Morrison*, 406 F.3d 310, 313 (5th Cir. 2005) (citing 18 U.S.C. § 3624(b)); *Hassan v. Hijar*, No. EP-23-CV-41-KC, 2023 WL 1769207, at *3 (W.D. Tex. Feb. 3, 2023) (recognizing that BOP retains the discretion to determine whether a prisoner will receive time credits toward the completion of his sentence); *McQueen v. Haro*, No. 2:03-CV-0227, 2005 WL 1552853, at *2 (N.D. Tex. June 30, 2005) (noting that § 3624(b) "grants to the BOP the discretion to determine, during each year, whether a prisoner has complied with the prison disciplinary rules thus warranting the award of good time credit or whether such should be denied"). A prisoner's transfer to supervised release similarly remains within the discretion of the Attorney General through the BOP. *Id.* § 3624(g)(3).

5

The statute's broad discretionary language means that there is no protected liberty interest under either due process or equal protection analysis. *See Welch v. Thompson*, 20 F.3d 636, 640 (5th Cir. 1994) ("If the prison officials have wide authority and discretion, usually no liberty interest is at stake."). Because early transfer to supervised release is a discretionary decision left to the BOP, and there is no denial of relief for the court to review, the Court cannot review the BOP's failure to transfer a prisoner to supervised release before the expiration of his valid sentence. *Cheek v. Warden of Fed. Med. Ctr.*, 835 F. App'x 737, 741 (5th Cir. 2020) (citing *United States v. Sneed*, 63 F.3d 381, 389 n.6 (5th Cir. 1995)).

To be clear, discretion "does not mean that the … BOP's determinations … are entirely insulated from judicial review." *Melot v. Bergami*, 970 F.3d 596, 600 (5th Cir. 2020). A challenge to the BOP's … interpretation of the statute would make judicial review appropriate. *Id.* And the BOP is not free to abuse the discretion conferred on it by the statute.

But here, Hernandez fails to challenge the BOP's interpretation of the statute—or allege the BOP abused that discretion in his case.

Finally, a prisoner "does *not* have a constitutional right to be released [from custody] before the expiration of [his] valid sentence." *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998) (emphasis added). And the application of a prisoner's ETCs remains within the discretion of the Attorney General through the BOP. 18 U.S.C. § 3624(b). A prisoner sentenced to a term of supervised release after his imprisonment may, at the discretion of the Director of the BOP, have his earned ETCs allocated toward his transfer to supervised release "at an earlier date, not to exceed 12 months." *Id.* § 3624(g)(3). Decisions concerning the computation and award of time credits generally fall within the discretion of BOP. *Sample v. Morrison*, 406 F.3d 310, 313 (5th

Cir. 2005) (citing 18 U.S.C. § 3624(b)); *Hassan v. Hijar*, No. EP-23-CV-41-KC, 2023 WL 1769207, at *3 (W.D. Tex. Feb. 3, 2023) (recognizing that BOP retains the discretion to determine whether a prisoner will receive time credits toward the completion of his sentence); *McQueen v. Haro*, No. 2:03-CV-0227, 2005 WL 1552853, at *2 (N.D. Tex. June 30, 2005) (noting that § 3624(b) "grants to the BOP the discretion to determine, during each year, whether a prisoner has complied with the prison disciplinary rules thus warranting the award of good time credit or whether such should be denied").

## CONCLUSION AND ORDER

Accordingly, it appears from Hernandez's petition that he is not in custody in violation of the Constitution or laws or treaties of the United States and that, as a matter of law, he is not entitled to § 2241 relief. Therefore, the Court enters the following orders:

**IT IS ORDERED** that Petitioner Johnny Hernandez's "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1) is **DENIED** and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this 28th day of November, 2024.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE